[No. B089440. Second Dist., Div. Six. Apr. 16, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID ANTHONY VITAL, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*This opinion is certified for partial publication. The portions directed to be published follow.

■■■■■■■■■■

■■■■■■■■■■■■■■■■

## COUNSEL

Jerry D. Whatley, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and Lance E. Winters, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GILBERT, J.**—David Anthony Vital was charged with one count of attempted first degree murder (Pen. Code, §§ 664, 187), one count of torture (§ 206) and one count of aggravated mayhem (§ 205).[1] A jury found him guilty of one count of attempted manslaughter, one count of torture, as charged, and one count of mayhem.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### FACTS*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### DEFENSE*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### DISCUSSION

### I

■■  Vital contends the jury was not instructed on all the essential elements of torture.

---

[1]All statutory references are to the Penal Code unless otherwise stated.
*See footnote, *ante*, page 441.

Section 206 states in part, "Every person who, with the intent to cause cruel or extreme pain and suffering for the purpose of revenge, extortion, persuasion, or for any sadistic purpose, inflicts great bodily injury . . . upon the person of another, is guilty of torture."

The court gave the jury CALJIC No. 9.90, which defines torture in the same terms as section 206. The instruction was approved in *People* v. *Barrera* (1993) 14 Cal.App.4th 1555, 1571-1572 [18 Cal.Rptr.2d 395]. Nevertheless, Vital claims the jury should have been instructed that the intent to cause pain must be premeditated, and that the pain must not only be extreme but also prolonged. Vital relies on *People* v. *Steger* (1976) 16 Cal.3d 539 [128 Cal.Rptr. 161, 546 P.2d 665, 83 A.L.R.3d 1206]. There the court stated that ". . . murder by means of torture under section 189 is murder committed with a wilful, deliberate and premeditated intent to inflict extreme and prolonged pain." (*Id.*, at p. 546.)

Section 189 provides in part, "All murder which is perpetrated by means of . . . torture, or by any other kind of willful, deliberate and premeditated killing, . . . is murder of the first degree." Unlike the murder by torture rule stated in section 189, section 206 makes no reference to "willful, deliberate and premeditated." We must presume that had premeditation been intended to be an element of the crime of torture under section 206, the section would have said so.

Similarly section 206 makes no mention of prolonged pain. A number of California Supreme Court cases have followed the definition of torture stated in *Steger* in discussing section 189. (See *People* v. *Pensinger* (1991) 52 Cal.3d 1210, 1239 [278 Cal.Rptr. 640, 805 P.2d 899]; *People* v. *Raley* (1992) 2 Cal.4th 870, 888 [8 Cal.Rptr.2d 678, 830 P.2d 712].) That definition includes the intent to inflict extreme and prolonged pain. But torture is not defined in section 189, and none of the cases discuss the requirement of prolonged pain found in the *Steger* definition.

Whatever the requirements for torture murder under section 189 might be, section 206 plainly sets forth its requirements for torture. The intent to cause prolonged pain is not one of them. The trial court did not err in instructing the jury on the definition of torture.

It is true that in *People* v. *Healy* (1993) 14 Cal.App.4th 1137 [18 Cal.Rptr.2d 274], we discussed torture with reference to the definition in *Steger*. But our discussion was in response to Healy's claim that his purpose in torturing his victims was to control them, and not for the purposes listed in section 206. Healy cited *Steger* for the proposition that the infliction of

pain for the purpose of controlling the victim was not torture. We distinguished *Steger*, and stated that the evidence showed Healy's treatment of his victims happened to fit the definition of torture as stated in that case. Whether the infliction of torture had to be premeditated or whether the infliction of prolonged pain had to be intended was never raised, and we did not consider those issues in *Healy*. ■ A case is not authority for matters not considered (*Contra Costa Water Dist.* v. *Bar-C Properties* (1992) 5 Cal.App.4th 652, 660 [7 Cal.Rptr.2d 91].)

## II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III

■ Vital contends the trial court improperly limited the doctrine of imperfect self-defense to the charges of attempted murder and aggravated mayhem.

The trial court instructed the jury that the heat of passion or an honest but unreasonable belief in the necessity to defend one's self negates the malice aforethought necessary for attempted murder and the malice necessary for mayhem. The trial court did not instruct the jury that imperfect self-defense also applies to torture, nor was it asked to do so. Nevertheless, Vital argues the trial court had a sua sponte duty to so instruct.

In *People* v. *Flannel* (1979) 25 Cal.3d 668, 674-680 [160 Cal.Rptr. 84, 603 P.2d 1], the court recognized that the defendant's honest but unreasonable belief in the need to defend himself can negate malice aforethought and reduce the offense from murder to manslaughter. The court said the trial court had the sua sponte duty to give an instruction in future cases. But "[g]iven the undeveloped state of the unreasonable belief rule, we cannot impose upon the instant trial court so formidable a duty as to conceive and concoct an instruction embodying that rule." (*Id.*, at p. 683.)

The lead opinion in *People* v. *McKelvy* (1987) 194 Cal.App.3d 694, 704 [239 Cal.Rptr. 782] states the trial court had a duty to instruct sua sponte that an honest but unreasonable belief in the need for self-defense negates the malice required for mayhem. The opinion failed, however, to obtain a concurrence on that issue. The court in *People* v. *Sekona* (1994) 27 Cal.App.4th 443 [32 Cal.Rptr.2d 606] stated that the undeveloped state of the law negated the sua sponte duty to instruct on imperfect self-defense as

---

*See footnote, *ante*, page 441.

it relates to mayhem. (*Id.*, at pp. 450-451.) The *Sekona* court went further, however, and held that imperfect self-defense did not apply to mayhem. (*Id.*, at p. 457.) The court noted that the element of malice in mayhem was a different concept than the element of malice aforethought in murder. (*Id.*, at pp. 453-455.)

The parties have cited no case that discusses imperfect self-defense as it relates to torture. This comes as no surprise. It strains logic and common sense to view torture as self-defense. At the very least, the unsettled state of the law means there is no sua sponte duty on the part of the trial court to instruct.

. . . . . . . . . . . . . . . . . . . . . . . . . .*

IV-VII*

. . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Stone (S. J.), P. J., and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 24, 1996.

---

*See footnote, *ante*, page 441.