85 Cal.Rptr.2d 424 (1999)
77 Cal.App.4th 1285
The PEOPLE, Plaintiff and Respondent,
v.
Jimmy Ray HEARON, Defendant and Appellant.
No. C028314.
Court of Appeal, Third District.
May 28, 1999.
Review Denied August 25, 1999.
Stephen P. LoPresti, under appointment by the Court of Appeal, Carmichael, for Defendant and Appellant.
Daniel E. Lungren and Bill Lockyer, Attorneys General, George H. Williamson and David P. Druliner, Chief Assistant Attorneys General, Robert R. Anderson, Senior Assistant Attorney General, Harry Joseph Colombo and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
SCOTLAND, P.J.
Before summarizing the case and addressing the other claims of error, we seek to put out of its misery a contention routinely raised in criminal appeals filed in this district, and apparently in every other district of the Court of Appeal.
In a well-worn argument that has become the soup du jour of appellate advocacy in criminal cases, defendant Jimmy Ray Hearon claims the definition of reasonable doubt given to the jury in accordance with Penal Code section 1096 (stats.1995, ch. 46, § 1) and CALJIC No. 2.90 is "defective in that it gave the jury no guidance as to the level of certainty to which it must be persuaded before it could reliably determine that the prosecution had met its burden of proof beyond a reasonable doubt."[1]
The contention has no merit. (People v. Aguilar (1997) 58 Cal.App.4th 1196, 1207-1209, 68 Cal.Rptr.2d 619; Lisenbee v. Henry (9th Cir.1999) 166 F.3d 997, 999-1000; see Victor v. Nebraska (1994) 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583; People v. Freeman (1994) 8 Cal.4th 450, 504-505, 34 Cal. Rptr.2d 558, 882 P.2d 249.)
Consequently, it consistently has been rejected by every appellate district. (E.g., People v. Aguilar, supra, 58 Cal.App.4th at pp. 1207-1209 [First Appellate District]; People v. Godwin (1996) 50 Cal.App.4th 1562, 1571-1572, 58 Cal.Rptr.2d 545 [Second Appellate District]; People v. Barillas (1996) 49 Cal.App.4th 1012, 1022, 57 Cal.Rptr.2d 166 [Second Appellate District]; People v. Jackson[**] (1999) 71 Cal.App.4th 108, 83 Cal. *425 Rptr.2d 624 [Third Appellate District] [not yet final]; People v. Carroll (1996) 47 Cal. App.4th 892, 895-896, 54 Cal.Rptr.2d 868 [Fourth Appellate District]; People v. Light (1996) 44 Cal.App.4th 879, 884-889, 52 Cal. Rptr.2d 218 [Fifth Appellate District]; People v. Hurtado (1996) 47 Cal.App.4th 805, 815-816, 54 Cal.Rptr.2d 853 [Sixth Appellate District]; People v. Tran (1996) 47 Cal. App.4th 253, 262-263, 54 Cal.Rptr.2d 650) [Sixth Appellate District].) The claim of error also has been rejected by the United States District Court for the Eastern District of California and the United States Court of Appeals, Ninth Circuit. (Lisenbee v. Henry, supra, 166 F.3d 997.)
We regard the issue as conclusively settled adversely to defendant's position. (People v. Olguin (1994) 31 Cal.App.4th 1355, 1366, fn. 1, 37 Cal.Rptr.2d 596.)
The time has come for appellate attorneys to take this frivolous contention off their menus.

I-III[***]

DISPOSITION
The judgment is affirmed.
SIMS, J., and MORRISON, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I through III.
[1] "Reasonable doubt is defined as follows: It is not a mere possible doubt; because everything relating to human affairs is open to some possible or imaginary doubt. It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge." (Pen.Code, § 1096; CALJIC 2.90.)
[**] Reporter's Note: Review granted July 14, 1999 (S078178).
[***] See footnote *, ante.