Opinion
AARON, J.
I.
INTRODUCTION
Amalia Catherine Bryant killed her boyfriend with a knife. A jury found Byrant not guilty of first degree murder, but guilty of second degree murder (Pen. Code, §§ 187, subd. (a), 189).[1] The jury also found that Bryant personally used a deadly or dangerous weapon within the meaning of section 12022, subdivision (b)(1), in committing the murder. The trial court sentenced Bryant to an aggregate term of 16 years to life in prison.
In her initial briefing on appeal, Bryant claimed that the trial court erred in failing to instruct the jury sua sponte on involuntary manslaughter as a lesser included offense of murder, on the theory that she killed unlawfully while committing the misdemeanor offense of brandishing a weapon or performing a lawful act with criminal negligence. After the People filed their respondent’s brief, we requested supplemental briefing concerning whether the trial court committed reversible error by not instructing the jury sua sponte that an *1199 unintentional killing without malice during the course of an inherently dangerous assaultive felony constitutes voluntary manslaughter. (See People v. Garcia (2008) 162 Cal.App.4th 18, 31 [74 Cal.Rptr.3d 912] (Garcia) [stating that “an unlawful killing during the commission of an inherently dangerous felony, even if unintentional, is at least voluntary manslaughter” (italics added)].) We further instructed the parties to assume that the People were correct that Bryant committed, at a minimum, a felony assault with a deadly weapon.
Bryant filed a supplemental brief in which she argued that the trial court should have instructed the jury on voluntary manslaughter, based on the theory set forth in our request for supplemental briefing, and that the error was prejudicial. The People responded that there was no evidentiary basis for the instruction and, alternatively, that any error in failing to instruct the jury on this theory of voluntary manslaughter was harmless. In our initial opinion in this matter, we reversed Bryant’s murder conviction, concluding that “the trial court erred in failing to instruct the jury on the lesser included offense of voluntary manslaughter, based on the theory articulated in Garcia.” (People v. Bryant (Aug. 9, 2011, D057570) review granted Nov. 16, 2011, S196365.)[2]
The Supreme Court granted the People’s petition for review and reversed our judgment. (People v. Bryant (2013) 56 Cal.4th 959, 971 [157 Cal.Rptr.3d 522, 301 P.3d 1136] (Bryant).) The Supreme Court concluded:
“A defendant who has killed without malice in the commission of an inherently dangerous assaultive felony[3] must have killed without either an intent to kill or a conscious disregard for life. Such a killing cannot be voluntary manslaughter because voluntary manslaughter requires either an intent to kill or a conscious disregard for life. To the extent that [Garcia, supra, 162 Cal.App.4th at page 31] suggested otherwise, it is now disapproved.
“Because a killing without malice in the commission of an inherently dangerous assaultive felony is not voluntary manslaughter, the trial court could not have erred in failing to instruct the jury that it was.” (Bryant, supra, 56 Cal.4th at p. 970.)
*1200 The Supreme Court expressly “decline[d] to address [Bryant’s] alternative contention that, because assault with a deadly weapon is not an inherently dangerous felony, the trial court erred in failing to instruct the jury on the theory of involuntary manslaughter recognized in [People v. Burroughs (1984) 35 Cal.3d 824 [201 Cal.Rptr. 319, 678 P.2d 894]].” (Bryant, supra, 56 Cal.4th at pp. 970-971, italics added.) The Bryant court remanded the matter to this court for proceedings consistent with its opinion. (Id. at p. 971.)
In a concurring opinion, Justice Kennard concluded that “[b]ecause the defense here presented evidence from which the jury could have reasonably concluded that defendant lacked malice, but killed while committing an assault with a deadly weapon [citation], a jury instruction on involuntary manslaughter as a lesser offense necessarily included within the charged crime of murder would have been proper.” (Bryant, supra, 56 Cal.4th at p. 975 (conc. opn. of Kennard, J.), italics added.) However, Justice Kennard further concluded that the trial court did not have a sua sponte duty to provide such an instruction in this case because the legal principle on which the instruction would be based “has been so ‘obfuscated by infrequent reference and inadequate elucidation’ that it cannot be considered a general principle of law.” (Ibid. (conc. opn. of Kennard, J.), quoting People v. Flannel (1979) 25 Cal.3d 668, 681 [160 Cal.Rptr. 84, 603 P.2d 1] (Flannel).)
On remand, Bryant claims that the trial court erred in failing to instruct the jury sua sponte that an unlawful killing committed without malice in the course of an assaultive felony constitutes the crime of involuntary manslaughter.[4] In light of Supreme Court authority concerning a trial court’s sua sponte instructional duties, we must reject Bryant’s contention.
The Supreme Court has repeatedly held that a trial court has no sua sponte duty to instruct on a legal principle that has been “obfuscated by infrequent reference and inadequate elucidation.” (Flannel, supra, 25 Cal.3d at p. 681; see People v. Michaels (2002) 28 Cal.4th 486, 529 [122 Cal.Rptr.2d 285, 49 P.3d 1032] (Michaels) [a “trial court . . . has no duty to . . . instruct on doctrines of law that have not been established by authority”].) In this case, it is undisputed that there is no authority holding that an unlawful killing committed without malice in the course of an assaultive felony constitutes the crime of involuntary manslaughter. Thus, even assuming that the jury instruction that Bryant proffers in her briefing on remand is a correct statement of *1201 the law, under binding authority, the trial court had no sua sponte duty to provide such an instruction in this case. Accordingly, we affirm the judgment.
II.
FACTUAL BACKGROUND[5]
“On November 24, 2005, neighbors responded to the apartment in which defendant lived with her boyfriend Robert Golden to find defendant screaming and Golden lying facedown in the front doorway. Defendant was pleading with Golden to ‘wake up.’ Golden had a stab wound to the chest and no pulse; he was pronounced dead at the hospital. During two police interviews and in testimony at trial, defendant later recounted [the events that led to Golden’s death]. She stated that during a physical altercation, she grabbed a knife from the kitchen and threatened to hurt Golden if he did not let her leave. Golden lunged for the knife, and the two struggled over it. Defendant broke free with the knife in her hand. When Golden [advanced] toward defendant, she made a thrusting motion at him with the knife, and it went into his chest. Defendant claimed she never intended to kill Golden.
“The trial court instructed the jury regarding first degree premeditated murder, second degree murder, and voluntary manslaughter based upon heat of passion and unreasonable self-defense, as well as the defense of reasonable self-defense. The jury convicted defendant of second degree murder and found true the allegation that she personally used a deadly weapon. The trial court sentenced defendant to 15 years to life in prison for murder plus a consecutive year for the weapon enhancement.” (Bryant, supra, 56 Cal.4th at pp. 963-964.)
III.
DISCUSSION

The trial court did not err in failing to instruct the jury sua sponte that an unlawful killing committed without malice in the course of an assaultive felony constitutes the crime of involuntary manslaughter

Bryant claims that the trial court erred in failing to instruct the jury sua sponte that an unlawful killing committed without malice in the course of an assaultive felony constitutes the crime of involuntary manslaughter.
*1202 A. The People’s contention that this court should not address Bryant’s claim is without merit
The People maintain that this court should not consider Bryant’s jury instruction claim on remand, and offer two reasons in support of this contention. First, the People maintain that Bryant’s claim is not within the scope of the Supreme Court’s remand. In support of this argument, the People contend that Bryant raised the same claim in the Supreme Court, and the Supreme Court declined to consider the claim and remanded the matter to this court “for further proceedings consistent” with its opinion. (Bryant, supra, 56 Cal.4th at p. 971.) We are not persuaded. Our considering on remand an issue not addressed by the Supreme Court is not inconsistent with the Supreme Court’s opinion. Accordingly, we conclude that Bryant’s claim is not outside the scope of the Supreme Court’s remand.
The People also contend that Bryant is presenting this claim for the first time on remand, and that in doing so, she is “engaging in piecemeal litigation that is prejudicial to the People.” We agree that Bryant did not offer this theory of instructional error[6] in her initial briefing on appeal, but we exercise our discretion to consider her claim, notwithstanding any possible forfeiture, for the following reasons. First, at the time Bryant filed her initial briefing on appeal, the Court of Appeal in Garcia had concluded both that “[a]n unintentional killing, without malice, during the commission of an inherently dangerous felony does not constitute involuntary manslaughter” (Garcia, supra, 162 Cal.App.4th at p. 26, italics altered) and that “an unlawful killing during the commission of an inherently dangerous felony, even if unintentional, is at least voluntary manslaughter” (id. at p. 31). However, in Bryant, our Supreme Court disapproved Garcia to the extent that it suggests that “[a] defendant who has killed without malice in the commission of an inherently dangerous assaultive felony” has committed voluntary manslaughter. (Bryant, supra, 56 Cal.4th at p. 970.) Further, in her concurring opinion in Bryant, Justice Kennard expressly stated that “an assault with a deadly weapon [can] constitute an unlawful act that makes a killing occurring during the assault involuntary manslaughter.” (Bryant, supra, at p. 971 (conc. opn. of Kennard, J.).) Justice Kennard also observed that although the issue is not “a ground on which [the Supreme Court] granted review,” it is an issue “closely connected to the facts of this case.” (Ibid. (conc. opn. of Kennard, J.).) We conclude that there has thus been a material change in the law, warranting our exercise of discretion to consider Bryant’s claim, despite her failure to present this argument in her initial briefing on appeal.
*1203 With respect to the People’s contention that Bryant has engaged in “piecemeal litigation,” we note that the position that the People took in the Supreme Court in this matter is directly contrary to the position they previously advocated in their opposition to Bryant’s appeal in this court. As noted previously, after the initial briefing on appeal in this court was complete, we asked the parties to submit supplemental letter briefs addressing the following question: “Did the trial court commit reversible error by not instructing the jury sua sponte that an unintentional killing without malice during the course of an inherently dangerous assaultive felony constitutes voluntary manslaughter? (See [Garcia, supra, 162 Cal.App.4th 18].)”
In their response to our request, the People conceded the existence of such a sua sponte duty, stating in their supplemental letter brief, “[T]he trial court [had] a sua sponte duty to instruct on the Garcia theory of voluntary manslaughter if there were substantial evidence that appellant did not subjectively appreciate that her conduct endangered [Robert’s] life.” Notwithstanding their concession in this court of the existence of a trial court’s sua sponte duty to instruct on the Garcia theory of voluntary manslaughter, where factually supported, the People argued in the Supreme Court that “the Garcia [court] did not articulate an additional theory of manslaughter” and that this court “adopted the Garcia theory of voluntary manslaughter as if [by] divine writ
Accordingly, in light of the material change in the law, the significant change in the People’s litigation posture, and the People’s failure to demonstrate any actual prejudice caused by Bryant’s failure to raise this claim in her initial briefing on appeal, we exercise our discretion to consider Bryant’s claim that the trial court erred in failing to instruct the jury sua sponte that an unlawful killing committed without malice in the course of an assaultive felony constitutes the crime of involuntary manslaughter, notwithstanding her failure to raise this claim in her initial briefing on appeal.
B. The trial court did not have a sua sponte duty to instruct on Bryant’s novel theory of involuntary manslaughter
1. A trial court has no duty to instruct on a legal principle that has been so “obfuscated by infrequent reference and inadequate elucidation” that it cannot be considered a general principle of law (Flannel, supra, 25 Cal. 3d at p. 681)
In Flannel, supra, 25 Cal.3d 668, the court considered whether a “[trial] court erred in failing to instruct the jury sua sponte that defendant’s honest but unreasonable belief that he must defend himself from deadly attack negates malice so that the offense is reduced from murder to manslaughter.” *1204 (Id. at p. 672, italics omitted.) The Flannel court acknowledged that “decisions, including those of this court, recognize, albeit without full discussion, that one who holds an honest but unreasonable belief in the necessity to defend against imminent peril to life or great bodily injury does not harbor malice and commits no greater offense than manslaughter.” (Ibid.) The Flannel court further observed, “it has been legal doctrine, even though infrequently applied in the past, that a genuine but unreasonably held belief negates the mental state of malice aforethought that is necessary for a murder conviction.” (Id. at p. 682.)
Despite the existence of such doctrinal underpinnings, the Flannel court held that the trial court in that case had no sua sponte duty to instruct the jury on the law of imperfect self-defense. (Flannel, supra, 25 Cal.3d at p. 682.) The Flannel court reasoned: “[A] trial court’s duty to instruct sua sponte on this defense[7]-1 arises only in a case in which the evidence presents issues relevant to ‘general principles of law.’ When a rule applies so seldom that courts have found no occasion to give it full, substantive discussion and California Jury Instructions, Criminal (CALJIC) has not set it out as a standard instruction, we decline to proclaim that, heretofore, the rule expressed a general principle. We conclude that the court did not err in failing to instruct of its own motion.” (Id. at p. 672, italics omitted.)
The Supreme Court explained its holding that a trial court has no sua sponte duty to instruct on novel legal theories, stating that such theories have not received sufficient elucidation to constitute a “general principle^ of law.” (Flannel, supra, 25 Cal.3d at p. 681.) The Flannel court reasoned: “[T]he sua sponte ‘rule seems undoubtedly designed to promote the ends of justice by providing some judicial safeguards for defendants from the possible vagaries of ineptness of counsel under the adversary system. Yet the trial court cannot be required to anticipate every possible theory that may fit the facts of the case before it and instruct the jury accordingly. The judge need not fill in every time a litigant or his counsel fails to discover an abstruse but possible theory of the facts.’ [Citation.] Given the undeveloped state of the unreasonable belief rule, we cannot impose upon the instant trial court so formidable a duty as to conceive and concoct an instruction embodying that rule. ‘The duty of the trial court involves percipience—not omniscience.’ [Citations.]” (Id. at p. 683, italics omitted.)[8]
*1205 Similarly, in Michaels, supra, 28 Cal.4th 486, the Supreme Court concluded that a trial court did not have a sua sponte duty to instruct on “unreasonable or imperfect defense of others” (id. at p. 529), because a “trial court . . . has no duty to so instruct on doctrines of law that have not been established by authority” (ibid.). In reaching this conclusion, the Michaels court applied Flannel and its progeny:
“Flannel held that a trial court was not required to instruct on imperfect self-defense until that defense was recognized by California decisions. ([Flannel, supra, 25 Cal.3d at pp. 680-683].) Applying the same analysis, courts have refused to require a trial court to instruct on its own motion that an unreasonable belief one is acting under duress is a partial defense to robbery (People v. Bacigalupo (1991) 1 Cal.4th 103, 125-126 [2 Cal.Rptr.2d 335, 820 P.2d 559] (Bacigalupo I)); that imperfect self-defense is a defense to the crime of torture (People v. Vital (1996) 45 Cal.App.4th 441, 446 [52 Cal.Rptr.2d 676]); or that imperfect self-defense is a defense to the crime of mayhem (People v. Sekona (1994) 27 Cal.App.4th 443, 451 [32 Cal.Rptr.2d 606]).
“This reasoning governs here. At the time of defendant’s trial, the concept of imperfect defense of others was not a commonly known and established defense. We acknowledge that this concept follows logically from the interplay between statutory and decisional law. . . . But the trial court here was not required to so instruct on its own motion, because the doctrine of imperfect or unreasonable self-defense was not a well-established legal doctrine under California law.” (Michaels, supra, 28 Cal.4th at p. 530.)
In sum, the Supreme Court has repeatedly held that a legal concept that has been referred to only infrequently, and then with “inadequate elucidation,” cannot be considered a general principle of law requiring a sua sponte jury instruction. (Flannel, supra, 25 Cal.3d at p. 681; accord, In re Christian S. (1994) 7 Cal.4th 768, 774 [30 Cal.Rptr.2d 33, 872 P.2d 574] [“We observed in [Flannel, supra, 25 Cal.3d at page 681] that the doctrine [of imperfect self-defense] had been ‘obfuscated by infrequent reference and inadequate elucidation’ and thus, before the trial in that case, had not become a general principle of law requiring a sua sponte instruction.”].)
2. The trial court had no sua sponte duty to instruct the jury that an unlawful killing committed without malice in the course of an assaultive felony constitutes the crime of involuntary manslaughter
In her supplemental brief on remand, Bryant offers two theories in support of her contention that the trial court erred in failing to instruct the jury sua sponte that an unlawful killing committed without malice in the course of an *1206 assaultive felony constitutes the crime of involuntary manslaughter. First, she argues that such an instruction was required pursuant to Burroughs, supra, 35 Cal.3d 824. In Burroughs, the Supreme Court stated, “[A]n unintentional homicide committed in the course of a noninherently dangerous felony may properly support a conviction of involuntary manslaughter, if that felony is committed without due caution and circumspection.” (Id. at p. 835.) Second, Bryant argues that because manslaughter functions as a “ ‘catch-all’ concept,” which includes “all unlawful homicides that do not amount to murder . . . this Court should conclude that an unlawful killing without malice in the course of a felony assault with a deadly weapon is necessarily involuntary manslaughter . . . .”
Bryant does not dispute that there is no authority holding that an unlawful killing .committed without malice in the course of an assaultive felony constitutes the crime of involuntary manslaughter, pursuant to either theory.[9] In light of the lack of authority in support of either theory of involuntary manslaughter, it is clear that pursuant to the Supreme Court law cited above, the trial court did not have a sua sponte duty to instruct the jury that an unlawful killing committed without malice in the course of an assaultive felony constitutes the crime of involuntary manslaughter.[10] (See, e.g., Michaels, supra, 28 Cal.4th at p. 529 [“trial court. . . has no duty to . . . instruct on doctrines of law that have not been established by authority”]; accord, Flannel, supra, 25 Cal.3d at p. 682.)* [11]
*1207 IV.
DISPOSITION
The judgment is affirmed.
Nares, Acting P. J., and McIntyre, J., concurred.

 Unless otherwise specified, all subsequent statutory references are to the Penal Code.

 We rejected Bryant’s claims that the trial court erred in failing to instruct the jury sua sponte on involuntary manslaughter as a lesser included offense of murder on the theory that Bryant killed unlawfully in the commission of misdemeanor brandishing a weapon or in the commission of a lawful act committed with criminal negligence, reasoning that the evidence established that Bryant committed, at a minimum, an assault with a deadly weapon. (People v. Bryant, supra, D057570.)

3 Elsewhere in its opinion, the Supreme Court stated that “assault with a deadly weapon [is] an offense we assume to be inherently dangerous.” (Bryant, supra, 56 Cal.4th at p. 966.)

 Our rejection in People v. Bryant, supra, D057570, of Bryant’s argument that the trial court erred in failing to instruct the jury sua sponte on involuntary manslaughter as a lesser included offense of murder on the theory that she killed unlawfully in the commission of misdemeanor brandishing a weapon or in the commission of a lawful act committed with criminal negligence remains valid in the wake of the Supreme Court’s reversal of our prior opinion on other grounds. Bryant does not contend otherwise.

 Our factual background is taken from the Supreme Court’s opinion in this matter. (Bryant, supra, 56 Cal.4th at pp. 963-964.)

 Bryant did contend in her initial briefing on appeal that the trial court erred in failing to instruct the jury sua sponte on involuntary manslaughter, albeit for reasons different from those that she asserts on remand from the Supreme Court. (See fns. 2, 4, ante.)

 In People v. Barton (1995) 12 Cal.4th 186, 200 [47 Cal.Rptr.2d 569, 906 P.2d 531], the Supreme Court explained that “ ‘unreasonable self-defense’ is . . . not a true defense; rather, it is a shorthand description of one form of voluntary manslaughter.”

 Although the Flannel court concluded that the trial court did not have a sua sponte duty to instruct the jury in that case concerning the doctrine of imperfect self-defense, the Flannel court stated that in all subsequent cases, trial courts would have such duty. (Flannel, supra, 25 Cal.3d at p. 683.)

 Bryant expressly acknowledges that “there appears to be no currently valid published case which addresses the issue of whether the crime of assault with a deadly weapon is a felony inherently dangerous to life.” Bryant also does not cite any case in which a court has relied on the “catch-all” nature of manslaughter to conclude that an unlawful killing committed without malice in the course of an assaultive felony constitutes the crime of involuntary manslaughter.

 In her concurring opinion in Bryant, Justice Kennard persuasively articulates why such an instruction is a proper statement of the law. (Bryant, supra, 56 Cal.4th at pp. 971-975 (conc, opn. of Kennard, J.).) However, we need not expressly decide whether such an instruction is or is not a proper statement of the law, because even assuming that Justice Kennard’s view is correct, there was no sua sponte duty to instruct in this case, for the reasons stated in the text. (See Bryant, supra, 56 Cal.4th at p. 975 (conc. opn. of Kennard, J.) [stating that while “a jury instruction on involuntary manslaughter as a lesser offense necessarily included within the charged crime of murder would have been proper,” the trial court had no sua sponte duty to provide such an instruction, citing Flannel].)

 Bryant’s supplemental brief contains a single sentence in which she argues, “[T]o the extent a request for such an instruction from trial counsel was required . . . appellant received the ineffective assistance of counsel.” Bryant did not present this claim in her initial briefing on appeal, and she has not adequately briefed the issue of ineffective assistance of counsel in her supplemental briefing on remand. Accordingly, we deem Bryant’s claim of ineffective assistance of counsel forfeited for purposes of this appeal, and decline to consider the merits of that claim.