**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMALIA BRYANT, | No. 17-56891 |
| Petitioner-Appellant, | D.C. No. 5:15-cv-01217-CAS-JCG |
| v. | |
| MOLLY HILL, Acting Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted June 10, 2019[**]
Pasadena, California

Before: WARDLAW, BYBEE, and OWENS, Circuit Judges.

California state prisoner Amalia Bryant appeals from the district court's

denial of her 28 U.S.C. § 2254 habeas corpus petition challenging her conviction

for second degree murder. We have jurisdiction under 28 U.S.C. §§ 1291, 2253.

As the parties are familiar with the facts, we do not recount them here. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We review de novo a district court's denial of a habeas petition. *Rowland v. Chappell*, 876 F.3d 1174, 1180 (9th Cir. 2017). Our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Under AEDPA, when a state court has decided a claim on the merits, we may grant relief only if the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is "highly deferential" and "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011) (citation omitted). "Section 2254(d) applies even where," as here, "there has been a summary denial" by the state court. *Cullen v. Pinholster*, 563 U.S. 170, 187 (2011).

Bryant argues that her trial counsel was ineffective for not requesting a jury instruction on the lesser included offense of involuntary manslaughter. However, in rejecting Bryant's similar claim on direct appeal that the trial court should have sua sponte instructed the jury on involuntary manslaughter, the California Court of Appeal determined that an involuntary manslaughter instruction was not warranted, as a matter of state law, because the evidence reflected that Bryant committed at least felony assault with a deadly weapon. *See People v. Bryant*, 129 Cal. Rptr. 3d 808, 819-22 (Ct. App. 2011), *rev'd on other grounds*, 301 P.3d 1136

(Cal. 2013); *see also People v. Bryant*, 166 Cal. Rptr. 3d 496, 499 n.4 (Ct. App. 2013). We are bound by this legal interpretation of California law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

Given the California Court of Appeal's determination that the evidence did not legally support involuntary manslaughter under any theory, Bryant cannot show that her trial counsel was deficient or that she was prejudiced by the failure to request an involuntary manslaughter instruction. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (providing the standard for ineffective assistance of counsel); *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) (stating that "trial counsel cannot have been ineffective for failing to raise a meritless objection").

Accordingly, the California Supreme Court's denial of Bryant's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED**.