**William Hillis LISENBEE, Petitioner–Appellant,**

v.

**I.C. Huanani HENRY, Respondent– Appellee.**

No. 98–15248.

United States Court of Appeals, Ninth Circuit.

Submitted,[1] Jan. 12, 1999.

Decided Jan. 29, 1999.

---

1. The panel unanimously finds this case appropriate for submission without argument. Fed.

R.App. P. 34(a)(2).

Karen L. Landau, Oakland, California, for the petitioner-appellant.

Timothy L. Rieger, Deputy Attorney General, Sacramento, California, for the respondent-appellee.

Before: SNEED, TASHIMA, and SILVERMAN, Circuit Judges.

I

SNEED, Circuit Judge:

Petitioner William Hillis Lisenbee ("petitioner"), appeals from the decision of the District Court for the Eastern District of California, the Honorable William B. Shubb, Presiding, which denied his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253 and affirm.

On March 20, 1996, petitioner was convicted of, inter alia, attempted murder and possession of a firearm and was sentenced to twenty-two years in prison. Petitioner appealed, claiming that the trial court inappropriately instructed the jury on the definition of "reasonable doubt." The California Court of Appeal for the Third Appellate District affirmed petitioner's conviction on March 14, 1997, and the California Supreme Court subsequently denied his petition for review on May 21, 1997.

Petitioner filed a petition for a writ of habeas corpus in the District Court for the Eastern District of California on August 20, 1997. On November 17, 1997, the magistrate judge filed his findings and recommended that the district court dismiss petitioner's claims. Petitioner was instructed that he had twenty days to object to these findings. He never did. Judge Shubb subsequently filed an order on January 12, 1998, adopting the findings of the magistrate judge. Petitioner filed a notice of appeal on May 27, 1998.

II.

Petitioner's sole allegation is that the trial court's "reasonable doubt" instruction violated the Due Process Clause of the Fourteenth Amendment by impermissibly shifting the prosecution's burden of proof.[2]

---

2. The government contends that petitioner waived his right to appeal because he failed to "object to the findings and recommendations" of the magistrate judge. The government is incor-

rect. It is well-settled law in this circuit that "failure to file objections [to a magistrate judge's findings] does not waive the right to appeal the district court's conclusions of law." *Britt v. Simi*

He alleges that the trial court's use of the phrase "abiding conviction" to explain reasonable doubt did not adequately define the quantum of doubt required for acquittal. We disagree.

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). "[T]he Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. Rather, taken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury." *Victor v. Nebraska*, 511 U.S. 1, 5, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994). In our review of the challenged instruction, we must determine whether there was a reasonable likelihood that the jury understood the instruction to allow a conviction predicated on proof that was insufficient to meet the requirements of due process. *See Ramirez v. Hatcher*, 136 F.3d 1209, 1213 (9th Cir.1998) (citation omitted).

In 1994, in *Victor*, the Supreme Court "strongly criticized" California's formulation of the reasonable doubt instruction in criminal trials. The challenged jury instruction read as follows:

> Reasonable doubt is defined as follows: It is that state of the case which, after the entire comparison and consideration of all of the evidence, leaves the minds of the jurors in that condition that they cannot say that they feel an abiding conviction, *to a moral certainty*, of the truth of the charge.

> It is not a mere possible doubt, because everything relating to human affairs is open to some possible or imaginary doubt.

Specifically, the *Victor* Court expressed doubt as to the continuing validity of the phrase "moral certainty" and "moral evidence" to describe the level of doubt required to acquit. 511 U.S. at 12–13, 114 S.Ct. at 1246, 127 L.Ed.2d 583. In response, the California Supreme Court, in *California v. Freeman*, 8 Cal.4th 450, 34 Cal.Rptr.2d 558, 882 P.2d 249 (Cal.1994), proposed an amendment to the model instruction which deleted all references to the terms "moral certainty" and "moral evidence."

Petitioner argues that the phrase "abiding conviction" standing alone improperly lowers the government's burden of proof below the "reasonable doubt" standard in violation of the Due Process Clause. In *Victor*, however, the Supreme Court clarified the constitutional requirements for a reasonable doubt standard instruction, and expressly condoned the use of a jury instruction that uses the term "abiding conviction" to define the reasonable doubt standard. 511 U.S. at 14, 114 S.Ct. at 1247, 127 L.Ed.2d 583.

The *Victor* Court held that an instruction need not follow a prescribed formula, and rather required only that the trial court (1) convey to the jury that it must consider only the evidence and (2) properly state the government's burden of proof. *See id.* at 13, 114 S.Ct. at 1246, 127 L.Ed.2d 583. The Court specifically stated that: "An instruction cast in terms of an *abiding conviction* as to guilt, without reference to moral certainty, correctly states the government's burden of proof." *Id.* at 14–15, 114 S.Ct. at 1247, 127 L.Ed.2d 583 (emphasis added); *see also Ramirez*, 136 F.3d at 1214 (affirming instruction in which "[t]he jurors were told that they must have 'an abiding conviction of the truth of the charge,' i.e., of the defendant's guilt, a correct formulation of the government's burden of proof under *Victor*, 511 U.S. at 14–15, 114 S.Ct. at 1247–48").

Petitioner argues that because the Supreme Court has used the phrase "abiding conviction" to describe standards lower than that required in a criminal case (i.e., the clear-and-convincing-evidence standard), the phrase no longer supports the level of proof required for reasonable doubt. *See, e.g., Colorado v. New Mexico*, 467 U.S. 310, 316, 104 S.Ct. 2433, 2437–38, 81 L.Ed.2d 247 (1984). Petitioner is incorrect for two reasons. First, as discussed above, the Supreme Court has, in cases subsequent to *Colorado v. New*

*Valley Unified Sch. Dist.,* 708 F.2d 452, 454 (9th      Cir.1983).

*Mexico*, affirmed the use of the phrase "abiding conviction" as the proper level of proof for the reasonable doubt standard. Second, and more importantly, petitioner incorrectly takes the phrase "abiding conviction" in *Colorado v. New Mexico* out of context. Although the Court did use the phrase "abiding conviction" in its definition of the clear-and-convincing-evidence standard, it did so in tandem with the use of the phrase "highly probable." *Colorado*, 467 U.S. at 316, 104 S.Ct. at 2437–38, 81 L.Ed.2d 247. The language in the jury instruction in this case, on the other hand, does not.

We therefore conclude that there is no reason to depart from established precedent expressly affirming jury instructions cast in terms of an abiding conviction.

AFFIRMED.