**Steven Bryant SHELLMON, Petitioner–Appellant,**

v.

**Steven CAMBRA, Jr., Warden; Department of Corrections, Respondents–Appellees.**

No. 99–16886.

D.C. No. CV–98–00905–LKK/GGH.

United States Court of Appeals, Ninth Circuit.

Feb. 2, 2001.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Before SCHROEDER, BEEZER, and TROTT, Circuit Judges.

## MEMORANDUM [1]

Steven Shellmon, a California state prisoner, appeals the district court's dismissal without prejudice of his petition for a writ

of habeas corpus. He contends that the district court erred in dismissing the petition, rather than holding it in abeyance pending exhaustion of his state remedies, because a new petition may be barred by AEDPA's statute of limitations. The state claims the district court erred in not denying the petition with prejudice because the court decided the only claim it contained against Shellmon on the merits. The provisions of the AEDPA apply.

We earlier agreed with the state. *Shellmon v. Cambra,* No. 99–16886, 2000 WL 564020 (9th Cir. May 9, 2000). This appeal is now before us again after remand from the United States Supreme Court to reconsider in light of *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

▆ We now similarly conclude that the district court did not err under *Slack* in dismissing the petition rather than holding it in abeyance pending exhaustion of other claims in state court. The petition before the district court in this case, unlike in *Slack,* contained no unexhausted claims. The district court did not stay the petition, but instead reviewed the single, exhausted claim before it and found the claim meritless. That ruling was correct on the merits in light of *Lisenbee v. Henry,* 166 F.3d 997 (9th Cir.1999). Having decided the only claim presented in the petition, the district court was not required under *Slack* to stay its judgment pending exhaustion of other claims.

▆ The state argues that once the district court determined that the sole claim raised in the petition was without merit, it should have dismissed the petition with prejudice rather than without prejudice. The state is correct, because the district

court's order disposed of the only issue before it on the merits.

The district court's judgment of dismissal without prejudice is VACATED. We REMAND for entry of a judgment of dismissal with prejudice.