Derick Wayne ERVIN, Petitioner–
Appellant,

v.

Suzan HUBBARD, Warden;  Attorney
General of the State of California,
Respondents–Appellees.

No. 00–15980.
D.C. No. CV–99–00838–FCD.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001 *.

Decided June 21, 2001.

Before O'SCANNLAIN, SILVERMAN,
and GOULD, Circuit Judges.

MEMORANDUM **

* The panel unanimously finds this case suitable
for decision without oral argument.  *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

California prisoner Derick Wayne Ervin appeals pro se the district court's denial of his petition for a writ of habeas corpus, contending his conviction and sentence for assault with a deadly weapon are unconstitutional. We have jurisdiction pursuant to 28 U.S.C. § 2254, and affirm.

Because Ervin filed his habeas petition after April 24, 1996, he is subject to the provisions of the AEDPA. *See Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 532 (9th Cir.1998) (en banc). Under the AEDPA, we may reverse a state court's decision denying relief only if that decision is contrary to, or involves an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 402–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Van Tran v. Lindsey*, 212 F.3d 1143, 1149 (9th Cir.), *cert. denied*, —— U.S. ——, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

Ervin first contends the trial court violated the Sixth Amendment by improperly denying his motion to represent himself as untimely and for the purpose of delay. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The trial court found both Ervin's last-minute *Faretta* and *People v. Marsden*, 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44 (1970) motions and his claimed illness on the second day of trial proceedings part of a pattern of dilatory tactics.

Although the Supreme Court has not discussed specifically when a *Faretta* motion is timely, *see Faretta*, 422 U.S. at 835, 95 S.Ct. 2525, we have held the assertion of the right must be timely and not for the purpose of delay. *See Armant v. Marquez*, 772 F.2d 552, 555 (9th Cir.1985); *Fritz v. Spalding*, 682 F.2d 782, 784 (9th Cir.1982); *see also Van Tran*, 212 F.3d at 1154 (noting circuit case law is persuasive authority under the AEDPA). We con-

clude the trial court's findings were not contrary to, or an unreasonable application of, clearly established federal law. *See Van Tran*, 212 F.3d at 1149, 1155.

Ervin next contends the trial court violated. his due process rights with its jury instruction on reasonable doubt because the instruction given failed to adequately specify the degree of certainty required. The Supreme Court has upheld the constitutionality of California's reasonable-doubt standard. *See Victor v. Nebraska*, 511 U.S. 1, 10–15, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994); *Lisenbee v. Henry*, 166 F.3d 997, 998–1000 (9th Cir.), *cert. denied*, 528 U.S. 829, 120 S.Ct. 82, 145 L.Ed.2d 70 (1999). We conclude the trial court's instruction was neither contrary to, or an unreasonable application of, clearly established federal law. *See Van Tran*, 212 F.3d at 1149, 1155.

■ Ervin next contends the trial court violated his due process rights by failing to sua sponte instruct the jury that, for sentence-enhancement purposes, it was required to find that he personally used a deadly weapon. *See Dillard v. Roe*, 244 F.3d 758, 770–73 (9th Cir.), *amended by* 2001 WL 521438 (9th Cir.2001). Under Cal.Penal Code § 1192.7(c)(23), the personal use of a firearm creates a separate offense, rather than acting as a sentencing factor. *See id.* Thus, we conclude Ervin's constitutional rights were violated when the trial court imposed two five-year enhancements without submitting the issue to the jury. *See id.* at 773; *see also McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).

■ Before we can grant habeas relief, however, we must determine whether the error had a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Bains v. Cambra*, 204 F.3d

964, 977 (9th Cir.), *cert. denied,* 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000).

Here, the evidence of Ervin's personal use of a knife was overwhelming. Both the victim and the victim's wife testified Ervin drew a knife, brandished it, and started to advance on the victim. After Ervin was shot, he retreated; from there, the police recovered a knife, and the victim's wife testified that it was the same knife Ervin used. There was no evidence presented that he did not personally use the knife; therefore, the trial court's instructional error was harmless. *See Brecht,* 507 U.S. at 637–38, 113 S.Ct. 1710 (concluding the petitioner must demonstrate actual prejudice and that the outcome was fundamentally unfair); *cf. Dillard,* 244 F.3d at 774. We conclude the state courts' adjudication was not contrary to, or an unreasonable application of, clearly established federal law. *See Van Tran,* 212 F.3d at 1149, 1155.

■ Ervin next contends the accusatory pleading violated his due process rights by not adequately alleging the five-year sentence enhancements, pursuant to Cal.Penal Code § 667(a), for his prior serious felony convictions. The state courts determined the pleading gave Ervin sufficient notice he was subject to section 667(a), even if the pleading did not refer specifically to subsection (a) of section 667. There is no federal constitutional right to have sentence enhancements alleged at the pleading stage. *See McMillan,* 477 U.S. at 84–91, 106 S.Ct. 2411. We conclude the accusatory pleading was not contrary to, or an unreasonable application of, clearly established federal law. *See Van Tran,* 212 F.3d at 1149, 1155.

Ervin next contends the trial court violated his due process rights by refusing to exercise its discretion and strike his prior felony convictions.[1] Because the trial court clearly indicated it would have not exercised its discretion, Ervin has failed to demonstrate error. *See People v. Superior Ct. (Romero),* 13 Cal.4th 497, 53 Cal. Rptr.2d 789, 917 P.2d 628, 647 (1996); *People v. Fuhrman,* 16 Cal.4th 930, 67 Cal. Rptr.2d 1, 941 P.2d 1189, 1196–98 (1997); *see also Brecht,* 507 U.S. at 637–38, 113 S.Ct. 1710 (concluding the petitioner must demonstrate actual prejudice and that the outcome was fundamentally unfair). We conclude the state court's adjudication was not contrary to, or an unreasonable application of, clearly established federal law. *See Van Tran,* 212 F.3d at 1149, 1155.

■ Ervin finally contends the trial court's sentence of thirty-five years to life violates the Eighth Amendment's prohibition against cruel and unusual punishment. Only extreme sentences that are grossly disproportionate to the crime violate the Eighth Amendment. *See Windham v. Merkle,* 163 F.3d 1092, 1106 (9th Cir.1998) (citing *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)). The government has a recognized interest in not only in punishing the offense of conviction, but also an interest "in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by its criminal law." *See Rummel v. Estelle,* 445 U.S. 263, 276, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). We conclude the state courts' adjudication was not contrary to, or an unreasonable application of, clear-

---

1. Although Ervin also contends California's three strikes law is unconstitutional because it was improperly enacted as urgency legislation, the district court did not grant a certifi-cate of appealability as to that issue, and Ervin has not moved for broader certification in this court. *See* 9th Cir. R. 22–1(d).

ly established federal law. *See Van Tran,* 212 F.3d at 1149, 1155.

AFFIRMED.