**Martin Vincent HARRIS,**
**Petitioner–Appellant,**

v.

**Cal TERHUNE, Director; Haunani Henry, Warden; Dan Lungren, Attorney General, Respondents–Appellees.**

No. 01–17462.

D.C. No. CV–98–00612–WBS.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 4, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

**MEMORANDUM ***

Martin Vincent Harris appeals pro se the denial of his 28 U.S.C. § 2254 petition. He challenges his California convictions for

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

assault with a semiautomatic weapon, evading an officer with reckless driving, and involuntary manslaughter. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), and we affirm.

Regarding the assault charge, Harris contends that his due process rights were violated by the trial court's refusal to give his proposed jury instruction which explained that an intent to frighten or distract was not equivalent to an intent to apply physical force. We are unpersuaded. Harris must show that the omission of his proposed instruction "so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977) (quotations omitted). In light of all the evidence in the case, because the other jury instructions, taken as a whole, adequately covered the defense theory, the failure to give the proposed instruction did not render the trial fundamentally unfair. *See Duckett v. Godinez*, 67 F.3d 734, 743, 746 (9th Cir.1995).

Harris also contends that his due process rights were violated because the trial court's reasonable doubt instruction reduced the government's burden of proof because an "abiding conviction" implies something less than reasonable doubt. This contention is foreclosed by our decision in *Lisenbee v. Henry*, 166 F.3d 997, 999–1000 (9th Cir.1999).

**AFFIRMED.[1]**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. To the extent Harris raises an issue outside the scope of the certificate of appealability ("COA"), that issue is not properly before us.

---

*See Hiivala v. Wood,* 195 F.3d 1098, 1102 (9th Cir.1999) (per curiam) (limiting review to issues in the COA).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

