Jarey STEWART, Petitioner—
Appellant,

v.

Cal A. TERHUNE, Respondent—
Appellee.

No. 02–17127.
D.C. No. CV–99–00756–DAD.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2004.*

Decided March 4, 2004.

Jarey Stewart, #J–91226, pro se, COSP—3C Corcoran State Prison, Corcoran, CA, Allison Claire, FPDCA—Federal Public Defender's Office (Sacramento), Sacramento, CA, for Petitioner–Appellant.

Eric Lynn Christoffersen, Attorney General's Office for State of California, Sacramento, CA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TALLMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Jarey Stewart seeks a writ of habeas corpus alleging several constitutional errors affecting his state trial, sentencing, and appeal. The district court denied Stewart's petition on September 20, 2002. We affirm.

Our review is governed by the Antiterrorism and Effectiveness Death Penalty Act of 1996. Stewart's petition must be denied because the California court decisions rejecting his claims are not contrary to, or unreasonable applications of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d).

Stewart's first claim is that the trial judge violated due process by relying on misleading information in a probation report during sentencing. *See United States v. Columbus*, 881 F.2d 785, 787 (9th Cir. 1989) (A sentence based on "materially false or unreliable information" violates due process). The California Court of Appeal rejected this claim because Stewart failed to demonstrate that (1) his probation report actually contained false or unreliable material and (2) the sentencing judge relied on the disputed information. We agree. *See Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir.1989).

■ Stewart's second claim is that the trial court interfered with his Sixth Amendment right to represent himself during sentencing. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The record reflects that despite being in custody Stewart had ample opportunity to "present his case in his own way" at sentencing. *See McKas-*

kle v. Wiggins, 465 U.S. 168, 177, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). His *Faretta* claim therefore fails.

■ Stewart's third claim is that the prosecutor improperly commented during closing argument on Stewart's failure to testify, in violation of *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). The California Court of Appeal correctly observed that "the prosecutor was commenting on assertions made by [Stewart] in his closing argument and his failure, as defense counsel, to refute or explain away the testimony of certain witnesses." *People v. Stewart*, No. C023104, at 5 (3d App. Dist. of Calif.1997). Although *Griffin* prevents a prosecutor from drawing adverse inferences from a defendant's failure to testify, it does not bar comment on the absence of evidence supporting the defendant's theory of the case. *See United States v. Robinson*, 485 U.S. 25, 32, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988) ("'Under *Griffin*, .... the protective shield of the Fifth Amendment should [not] be converted into a sword that cuts back on the area of legitimate comment by the prosecutor on the weaknesses in the defense case.'") (quoting *United States v. Hastings*, 461 U.S. 499, 515, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983)) (Stevens, J., concurring). Stewart's *Griffin* claim was properly denied.

Stewart's fourth claim is that he was denied effective assistance of appellate counsel because his attorney failed to raise more than 18 allegedly meritorious claims on appeal. *See Bailey v. Newland*, 263 F.3d 1022, 1028–29 (9th Cir.2001). An attorney's failure to raise every conceivable claim on appeal does not amount to constitutionally defective representation. *See Smith v. Murray*, 477 U.S. 527, 536, 106

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

S.Ct. 2661, 91 L.Ed.2d 434 (1986) ("[The] process of winnowing out weaker arguments ... is the hallmark of effective appellate advocacy.") (quotation marks and citation omitted). Stewart is also unable to "affirmatively prove" prejudice from his attorney's performance. *See Strickland v. Washington*, 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Laboa v. Calderon*, 224 F.3d 972, 981 (9th Cir.2000). We find no Sixth Amendment violation.

Stewart's fifth and final claim, that California's model jury instruction violates due process, is foreclosed by our decision in *Lisenbee v. Henry*, 166 F.3d 997 (9th Cir. 1999).

For the foregoing reasons, the district court's denial of Stewart's petition for a writ of habeas corpus is

AFFIRMED.