Alan MEDINA, Petitioner–Appellant,

v.

Thomas M. HORNUNG, Warden,
Donovan State Prison,
Respondent–Appellee.

No. 02–56484.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2003.

Decided June 23, 2004.

Charles M. Sevilla, Esq., Cleary & Sevilla, LLP, San Diego, CA, for Petitioner–Appellant.

Steven T. Oetting, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: NOONAN, TALLMAN, and RAWLINSON, Circuit Judges.*

## MEMORANDUM **

 1. The California Court of Appeal's decision to uphold the trial court's exclusion of Medina's expert witness did not violate his Sixth Amendment right to compel witnesses. An accused "does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois,* 484 U.S. 400, 410, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). In upholding the decision to exclude the expert's testimony, the California Court of Appeal relied on a standard rule of evidence allowing for the exclusion of unreliable expert testimony. *See People v. Ramos,* 15 Cal.4th 1133, 1175, 64 Cal. Rptr.2d 892, 938 P.2d 950 (1997).

2. The Court of Appeal's decision to uphold the jury instructions given in Medina's case was not contrary to clearly established federal law. Courts must consider a challenged instruction within the context of the other instructions and the entire record. *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The Court of Appeal properly applied a similar standard. *See People v. Frye,* 18 Cal.4th 894, 957, 77 Cal.Rptr.2d 25, 959 P.2d 183 (1998).

 The decision to uphold the jury instructions also does not warrant relief under AEDPA's "unreasonable application" prong. The fact that the instruction for the affirmative defense of "necessity" (CALJIC 4.43) preceded the instruction for "accident" (CALJIC 4.45) did not impermissibly place the burden on the defendant of proving that his assault of the victim was accidental. Other instructions informed the jury that the prosecution bore the burden of proving that an assault occurred (CALJIC 9.00), and that the prosecution bore the burden of proving Medina's guilt beyond a reasonable doubt (CALJIC 2.90). As observed by the Court of Appeal, reading the "accident" instruction in conjunction with the other instructions negated any harm that might have been caused by the placement of the "accident" instruction. *See McGuire,* 502 U.S. at 72, 112 S.Ct. 475.

 3. Medina's challenge to the "assault with a deadly weapon" instruction (CALJIC 9.02) fails for the same reason. The fact that this instruction does not contain an "intent to use force" element does not warrant habeas relief. The logical inference is that the jury would have read the instruction for "assault," which contains the required element, to determine whether Medina committed an "assault with a deadly weapon." *See McGuire,* 502 U.S. at 72, 112 S.Ct. 475.

 4. The gravamen of Medina's challenge to the "reasonable doubt" instruction is that use of the term "abiding conviction" is unconstitutional absent coupling with a probability standard incorporating a high certainty of guilt. The Court of Appeal's rejection of Medina's claim is

---

* We have addressed the balance of Medina's claims in a published opinion. Because the facts of the case are detailed in the published opinion, we do not repeat them here.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

consistent with federal law holding that the term "abiding conviction," standing alone, properly conveys the prosecution's burden of proof. *See Victor v. Nebraska,* 511 U.S. 1, 14–15, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994); *see also Lisenbee v. Henry,* 166 F.3d 997, 999–1000 (9th Cir. 1999); *Ramirez v. Hatcher,* 136 F.3d 1209, 1214 (9th Cir.1998).

■ 5. Medina's corollary challenge to the "reasonable doubt" instruction asserts that the instruction allowed conviction by a "satisfactory showing" of guilt rather than requiring proof beyond a reasonable doubt.[1] However, the instruction that guilt must be "satisfactorily shown" is necessarily informed by the other instructions requiring the jury to convict only if guilt is proved beyond a reasonable doubt, and if they felt an "abiding conviction" of Medina's guilt. *See McGuire,* 502 U.S. at 72, 112 S.Ct. 475.

■ 6. Medina has not made out any cognizable claims for ineffective assistance of counsel, or for judicial bias.[2] Medina claims that his counsel acted ineffectively by failing to object when the trial court advised Medina that proceeding to trial could result in a sentence nearly twice as long as the prosecution's offered plea bargain. However, the Court of Appeal's determination that the failure to object was a reasonable defense tactic was not contrary to federal law. *See Strickland v. Washington,* 466 U.S. 668, 690–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Court of Appeal also ruled that the trial court's warning that any reference to Medina's brain injury during trial would result in a finding of contempt was not judicial bias. That holding was consistent with federal law recognizing the trial court's authority to manage the presentation of the case. *Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

Similarly, the trial judge's admonitions to Medina for nonresponsive answers fell within his authority to manage the trial. *Id.* at 556, 114 S.Ct. 1147 (recognizing that the trial court may admonish witnesses).

■ The Court of Appeal also reasonably concluded that the trial court's isolated reference to Ennion as a "victim" reflected no judicial bias. *See Kaupp v. Texas,* 538 U.S. 626, 628, 123 S.Ct. 1843, 155 L.Ed.2d 814 (2003) (per curiam) (referring to the corpse as that of the "victim").

■ The Court of Appeal's ruling that the trial court's reference to the jury note as reflecting the "dumbing down of America" was neutral as to Medina was not objectively unreasonable. *See Duckett v. Godinez,* 67 F.3d 734, 740–41 (9th Cir. 1995) (finding no constitutional violation when considering fairly significant judicial misconduct).

The Court of Appeal did not explain its reasons for denying the remainder of Medina's ineffective assistance/judicial bias claims. Thus, we conduct an "independent

1. The California Court of Appeal denied relief on this ground but did not provide its rationale for doing so. Therefore, we conduct an "independent review" of the record to determine whether the Court of Appeal's decision warrants relief under AEDPA. *See Pirtle v. Morgan,* 313 F.3d 1160, 1167 (9th Cir.2002).

2. The California Court of Appeal held that Medina's claim of judicial bias was procedurally barred due to Medina's failure to inter-

pose any contemporaneous objections. However, because Medina contended that his counsel acted ineffectively by failing to object, the Court of Appeal reached the merits of Medina's judicial bias claims through the filter of an ineffective assistance of counsel claim, thereby rendering this claim reviewable on appeal. *See Ylst v. Nunnemaker,* 501 U.S. 797, 801, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

review" of the record to determine whether the court's decision to deny relief is consistent with 18 U.S.C. § 2254(d)(1). *Pirtle v. Morgan,* 313 F.3d 1160, 1167 (9th Cir.2002).

Outside of the presence of the jury, the judge remarked that "two people [in the previous trial] apparently bought something. I don't know what it is yet ..." The judge also required Medina to describe himself as "disabled" rather than "permanently disabled" as requested by counsel. Finally, the judge allegedly threw up his arms in disbelief, moved back his head, and rolled his eyes in a "gesture of disbelief" while Medina was testifying.

Even if Medina's counsel should have objected to any or all of these occurrences, Medina has failed to make a showing of prejudice. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *see also Duckett,* 67 F.3d at 740–41.

7. Medina claims entitlement to a federal evidentiary hearing pursuant to our decision in *Jones v. Wood,* 114 F.3d 1002, 1010, 1013 (9th Cir.1997). However, Medina's reliance on that case is unfounded, since it predates AEDPA. Instead, Medina's request for an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2). Medina has not explained why he is entitled to an evidentiary hearing under this standard, nor do we independently discern any basis for a hearing.

AFFIRMED.