**Frank PEREZ, Petitioner–Appellant,**

v.

**Jeanne S. WOODFORD, Director, California Department of Corrections; The Attorney General of the State of California, Respondents–Appellees.**

No. 05–56203.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2007.

Filed April 19, 2007.

Frank Perez, Blythe, CA, pro se.

Kurt David Hermansen, Esq., Law Office of Kurt David Hermansen, San Diego, CA, for Petitioner–Appellant.

Attorney General for the State of California, Jeffrey J. Koch, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: CANBY and SILVERMAN, Circuit Judges, and LEIGHTON *, District Judge.

## MEMORANDUM **

Appellant Frank Perez appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. The district court denied his petition, finding that the jury instructions given by the trial court were constitutionally sufficient and that the prosecutor did not commit misconduct in closing arguments. We affirm.

Perez argues that the trial court's recitation of CALJIC 2.90, which equates "reasonable doubt" with an "abiding conviction," along with the prosecutor's statement in closing argument equating reasonable doubt with a "belief," improperly lowered the burden of proof below beyond a reasonable doubt.

Courts have repeatedly held that versions CALJIC 2.90 substantially similar to

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the one used by the trial court in this case are constitutional. *See, e.g., Lisenbee v. Henry,* 166 F.3d 997 (9th Cir.1999). Thus, the trial court did not err in reciting the boilerplate instruction.

Additionally, the prosecutor's isolated statement in closing argument equating "reasonable doubt" with a "belief" did not "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Romano v. Oklahoma,* 512 U.S. 1, 13, 114 S.Ct. 2004, 129 L.Ed.2d 1 (1994) (citing *Darden v. Wainwright,* 477 U.S. 168, 178–81, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986)). The "touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips,* 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). In reviewing the prosecutor's statement in the context of the entire trial, we find that the prosecutor's statement did not deprive Perez of a fair trial.

Because the trial court correctly recited CALJIC 2.90 and because the prosecutor did not commit misconduct requiring reversal, the district court properly denied Perez's petition for writ of habeas corpus.

**AFFIRMED.**