NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-10157 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:17-cr-01026-RCC-JR-1 |
| SERGIO HERRAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted October 6, 2021
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and FRIEDLAND, Circuit Judges.

Sergio Herran appeals his convictions for distribution and possession of child pornography following a jury trial, challenging the district court's denial of his motion to suppress statements made during a police interrogation at his home. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Whether a defendant was in custody for purposes of *Miranda v. Arizona*, 384 U.S. 436 (1966), is a mixed question of law and fact warranting de novo review. *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002). We ordinarily review the underlying factual findings for clear error. *Id.*

When the district court adopts the report and recommendation of a magistrate judge, a party's "failure to object to [the] magistrate judge's factual findings waives the right to challenge those findings" on appeal. *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). But "[i]t is well settled law in this circuit that failure to file objections . . . does not [automatically] waive the right to appeal the district court's conclusions of law." *Id.* (alterations in original) (quoting *Lisenbee v. Henry*, 166 F.3d 997, 998 n.2 (9th Cir. 1999)). Instead, "such a failure is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id.* (quoting *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991)).

Herran did not file objections to the magistrate judge's report and recommendation to deny Herran's motion to suppress. The district court nevertheless reviewed the report and recommendation de novo before adopting it in full. Herran challenges only the legal conclusion that he was not in custody during the police interrogation, and he raises this challenge in his opening brief on appeal. We conclude that the question whether Herran was in custody is properly preserved for de novo review. *See id.*

Law enforcement officers must provide *Miranda* warnings before questioning a suspect who is "in custody at the station or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 477. A suspect who has not been formally arrested is nevertheless in custody if, given the circumstances surrounding the interrogation, "a reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave." *Thompson v. Keohane*, 516 U.S. 99, 112 (1995).

> When an interrogation takes place in the home, we consider:
>
> (1) the number of law enforcement personnel and whether they were armed; (2) whether the suspect was at any point restrained, either by physical force or by threats; (3) whether the suspect was isolated from others; and (4) whether the suspect was informed that he was free to leave or terminate the interview, and the context in which any such statements were made.

*United States v. Craighead*, 539 F.3d 1073, 1084 (9th Cir. 2008). We generally also examine "(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual." *Kim*, 292 F.3d at 974 (quoting *United States v. Hayden*, 260 F.3d 1062, 1066 (9th Cir. 2001)).

Applying the factors from both *Craighead* and *Kim*, we conclude that Herran was in custody throughout the interview. Although Herran was told he was free to leave near the beginning of the interview, "the mere recitation of [that]

3

statement . . . does not render an interrogation non-custodial *per se*" and must be assessed "within the context of the scene as a whole." *Craighead*, 539 F.3d at 1088. The length of the interrogation, the number of armed agents, and the way in which the agents directed and escorted Herran around his own property "turned the otherwise comfortable and familiar surroundings of the home into a 'police-dominated atmosphere.'" *Id.* at 1083 (quoting *Miranda*, 384 U.S. at 445). Herran was also confronted with evidence of his guilt and pressured to confess. *See United States v. Brobst*, 558 F.3d 982, 995-96 (9th Cir. 2009); *Kim*, 292 F.3d at 974. Under the totality of the circumstances, a reasonable person would not have felt free to leave or to terminate the interview. *See Keohane*, 516 U.S. at 112. Accordingly, we hold that Herran's statements were obtained in violation of *Miranda*.[1]

The district court's denial of Herran's motion to suppress is **REVERSED**; Herran's conviction is **VACATED**; and we **REMAND** for a new trial.

---

[1] Herran also argues that some of the Government's trial exhibits should have been excluded under Federal Rules of Evidence 403 and 404(b). Because we reverse the district court's denial of the motion to suppress, we need not address whether the exhibits were properly admitted at trial.