[No. B058569. Second Dist., Div. Six. Apr. 1, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFERY BURNELL HEALY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*\*Pursuant to rule 976.1 of the California Rules of Court, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].*

COUNSEL

Jeffery Burnell Healy, in pro. per., and Cliff Gardner, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, William T. Harter and Sharon Wooden Richard, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GILBERT, J.**—Defendant Jeffery Burnell Healy was charged with numerous violations of Penal Code[1] section 273.5, subdivision (a), corporal injury to victims, Rhodona B., and Laura L. The charges pertaining to Rhodona B.

---

[1]All further statutory references are to the Penal Code unless otherwise specified.

took place over a period of nearly a year and involved frequent and brutal beatings causing severe injuries. Healy was also charged with torturing Laura L. in violation of section 206.

Over a period of approximately two weeks Healy battered Laura L. daily. He split her lips, broke her ribs, and stomped on her. He struck her in the jaw, back, arms, neck repeatedly. He flung her in the air so that she landed on the back of her head on the floor. She sustained a fractured jaw, ankle fractures, multiple rib fractures and bruises to her face and torso.

We hold, among other things, that acts of abuse against a cohabitant or a spouse occurring over time may be charged as separate offenses.

We also hold that acts of torture, committed for sadistic purposes do not require a finding of sexual abuse.

[[/]]*

[[FACTS]]*

DISCUSSION

I.

█ Healy contends section 273.5 is a continuing course of conduct offense. Section 273.5, subdivision (a) provides in part: "Any person who wilfully inflicts upon any person of the opposite sex with whom he or she is cohabiting . . . corporal injury resulting in a traumatic condition, is guilty of a felony . . . ."

Healy therefore argues the prosecutor may charge only one count of spousal or cohabitant abuse for each victim. He relies upon *People* v. *Thompson* (1984) 160 Cal.App.3d 220, 224-225 [206 Cal.Rptr. 516], holding that spousal abuse, like child abuse, is a crime of continuous conduct for purposes of a jury unanimity instruction, CALJIC No. 17.01. Healy also relies upon decisions discussing the continuous conduct crimes of pandering or pimping. (*People* v. *White* (1979) 89 Cal.App.3d 143, 151 [152 Cal.Rptr. 312]; *People* v. *Lewis* (1978) 77 Cal.App.3d 455, 461 [143 Cal.Rptr. 587, 3 A.L.R.4th 1185].)

We disagree that *People* v. *Thompson, supra*, 160 Cal.App.3d 220, re-stricts the prosecutor to charging one count of spousal abuse where, as here,

---

*See footnote, *ante*, page 1137.

the defendant inflicted multiple batteries against a victim over time. Section 954 permits a prosecutor to charge "two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts . . . ." *Thompson* did not concern the prosecutor's power to charge multiple offenses where the victim has suffered multiple criminal acts over time. Also, it did not directly concern a limitation upon the number of convictions a defendant could suffer.

As the parties agree, *Thompson* concerned the issue of a jury unanimity instruction, CALJIC No. 17.01, where the prosecutor charged only one count of section 273.5 but the victim testified to multiple acts of abuse. *Thompson* ruled that section 273.5 contemplated a continuous course of conduct over time where each act might not be criminal but the "cumulative outcome" was criminal. (*People* v. *Thompson, supra,* 160 Cal.App.3d at p. 225.) *Thompson* did not concern the prosecutor's power to charge multiple acts of abuse where, as here, each battery satisfied the elements of section 273.5 and constituted a crime. " '. . . There is a fundamental difference between a continuous crime spree and continuous conduct resulting in one specific offense. . . .' " (*People* v. *Melendez* (1990) 224 Cal.App.3d 1420, 1429 [274 Cal.Rptr. 599].) The prosecutor could properly charge and Healy could be properly convicted of multiple violations of section 273.5, *Thompson* notwithstanding.

*People* v. *White, supra,* 89 Cal.App.3d 143, and *People* v. *Lewis, supra,* 77 Cal.App.3d 455, do not aid Healy. In *White,* the court reasoned that the offense of pandering was committed once a female became an inmate in a house of prostitution and committed a single act of prostitution. (*White, supra,* at p. 151.) *Lewis* ruled that pimping was committed once the defendant derived support from a prostitute's sexual acts, regardless of the number of her acts. (*Lewis, supra,* at p. 461.) These decisions are not helpful to the analysis here because the offenses are of a different nature.

## II.

■ Healy next contends his torture conviction must be reversed because the evidence is insufficient to show that he acted for persuasive or sadistic purposes.

Section 206 provides in part: "Every person who, with the intent to cause cruel or extreme pain and suffering for the purpose of . . . persuasion, or for any sadistic purpose, inflicts great bodily injury . . . upon the person of another, is guilty of torture." The trial court found that Healy acted for persuasive or sadistic purposes, "if not both."

Healy points to the prosecutor's argument that the infliction of injury was for the purpose of exercising control over Laura. He cites *People* v. *Steger* (1976) 16 Cal.3d 539, 548 [128 Cal.Rptr. 161, 546 P.2d 665, 83 A.L.R.3d 1206], for the proposition that injury inflicted for the purpose of controlling another person's behavior does not constitute torture.

Healy misreads *Steger*. There, the defendant was convicted of the first degree murder of her stepdaughter by torture. (§ 189.) The court held that torture requires ". . . a wilful, deliberate, and premeditated intent to inflict extreme and prolonged pain." (*People* v. *Steger, supra,* 16 Cal.3d at p. 546.)

The evidence, however, showed that the defendant was a tormented woman, continually frustrated by her inability to control her stepchild's behavior. The beatings she gave to the child were an irrational and unjustifiable attempt at discipline, but they were not a willful, deliberate or premeditated attempt to inflict extreme and prolonged pain. (16 Cal.3d at p. 548.) Finding insufficient evidence of torture, the court modified the judgment to reduce the degree of the crime to murder in the second degree.

*Steger* stands only for the proposition that the infliction of pain must be willful, deliberate and premeditated. It does not rule out a conviction for torture where pain is inflicted to control another's behavior.

This is not the case of a frustrated parent overreaching in an attempt to control a child's behavior. This case involves two adults, neither one of whom needs to be disciplined or controlled by the other. Here, there is ample evidence Healy acted with the willful, deliberate and premeditated intent to inflict extreme and prolonged pain.

Healy told Laura she never had any real hardship in her life, she was wasting potential because of it, she needed someone to help her to realize her potential, he knew how she could "speed up the process," and that "he needed to create some hardship" to get her to listen to him. That Healy would warn Laura not to make any noise during the beatings for fear a neighbor would call the police also shows the willful, deliberate and premeditated nature of the assault.

Moreover, there was substantial evidence to support the trial court's finding that Healy inflicted pain for sadistic purposes. Healy contends that there must be some evidence of sexual abuse in order to find that the defendant acted with sadistic purposes. (Citing *People* v. *Pensinger* (1991) 52 Cal.3d 1210, 1239 [278 Cal.Rptr. 640, 805 P.2d 899]; *People* v. *Bittaker* (1989) 48 Cal.3d 1046, 1063-1066, 1101 [259 Cal.Rptr. 630, 774 P.2d 659].)

Although the facts recited in the cases relied on by Healy do contain an element of sexual abuse, the cases do not require such facts to sustain a finding that the defendant acted with sadistic purpose. In fact, the court in *Pensinger* stated, "The jury could infer a sadistic intent to give pain to punish [the victim] for crying." (*Pensinger, supra,* at p. 1240.)

Sadism has been defined as "[a] form of satisfaction, commonly sexual, derived from inflicting harm on another." (Black's Law Dict. (5th ed. 1979) p. 1198.) Thus, although sadistic pleasure is commonly sexual, a sexual element is not required. Here, the trial court could reasonably have found that Healy derived a perverse pleasure from beating Laura. Laura did nothing to provoke the beatings, and testified Healy would "seem content" after he kicked or hit her.

## [[III.-VIII.]]*

With the exception of certain great bodily injury enhancements that are reversed, in all other respects the judgment is affirmed.

Stone (S. J.), P. J., and Yegan, J., concurred.

The petitions of both respondent and appellant for review by the Supreme Court were denied July 1, 1993.

---

*See footnote, *ante,* page 1137.