Filed 7/2/21  P. v. Samm CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C090684 |
| v. | (Super. Ct. No. CRF20183971) |
| STERLING HONDARI SAMM, JR., | |
| Defendant and Appellant. | |

A jury convicted defendant Sterling Hondari Samm, Jr., of kidnapping, vandalism, infliction of corporal injury on a person with whom defendant has a dating relationship, making a criminal threat, and false imprisonment.  The trial court sentenced defendant to 48 years eight months in state prison.

Defendant now contends (1) the trial court erred in imposing full-term consecutive sentences on two of the kidnapping convictions and failed to recognize its discretion to impose concurrent sentences on those convictions, (2) the sentences for infliction of corporal injury and false imprisonment must be stayed, and (3) the convictions for corporal injury should be consolidated into a single conviction.

We will remand the matter to allow the trial court to clarify its sentencing choices, consider whether the sentences for infliction of corporal injury and false imprisonment

1

must be stayed, and resentence defendant as appropriate. We will otherwise affirm the judgment.

BACKGROUND

Defendant's girlfriend Nancy had been in an abusive relationship with defendant for four years. They were still together at the time of trial. On an evening in July 2018, defendant and Nancy stayed together at a motel. At some point, defendant wanted to use Nancy's truck but could not find it, so he called Nancy outside, screamed at her, and hit and kicked a parked car, causing $2,200 in damage.

Tristanna and her two sons, ages 9 and 12, were also at the motel that day. As Tristanna sat in her car outside the motel, she watched defendant scream at Nancy. Nancy ran into the motel and called the police. Defendant, upset and unable to find Nancy, approached Tristanna's car and asked if she had seen a Mexican woman. Tristanna said no.

Shortly after her encounter with defendant, Tristanna drove with her two sons across the street to a fast food restaurant. As they sat in their car in the restaurant's parking lot, defendant opened the door to the back seat, told her sons to move over, entered the car, and shouted at Tristanna: "go, bitch."

By this time the police had arrived at the motel. Defendant yelled at Tristanna to drive around the motel so he could see whether Nancy was speaking with the police. Tristanna followed his instructions but then purposefully hit a parked firetruck to get the police's attention. Defendant screamed, "BITCH . . . you fucked up." Defendant was taken into custody. Nancy told the police that defendant had injured her.

About six months later, Nancy was staying at the same motel with defendant. They argued and Nancy went two times to the motel lobby, where the clerk noticed a golf-ball-sized bruise slightly protruding from Nancy's cheek and called the police. Nancy said defendant got angry and tried to choke her. He then pushed Nancy back, hitting her head against the wall. He put a blanket over her face so she could not breathe,

2

hit her, and threatened to kill her. He said he would break her jaw. At one point defendant demanded that they go to her car, but Nancy was afraid that could further isolate her. Nancy eventually cut defendant's leg with a key and ran out of the room. The police observed the contusion under Nancy's eye and also saw an injury inside her lower lip and a bruise on her left arm.

The jury convicted defendant on three counts of kidnapping (Pen. Code, § 207, subd. (a)),[1] vandalism causing more than $400 in damage (§ 594, subd. (a)(b)(1)), two counts of infliction of corporal injury on a person with whom defendant has a dating relationship (§ 273.5, subd. (a)), making a criminal threat (§ 422), and false imprisonment (§§ 236, 237, subd. (a)). The jury found that two of the kidnapping victims were under the age of 14. In a bifurcated court trial, the trial court found defendant had a prior strike conviction (§ 667, subds. (c) & (e)(1)) and a prior serious felony conviction (§ 667, subd. (a)(1)).

At sentencing, the trial court sentenced defendant to an aggregate term of 48 years eight months. As to the three kidnapping convictions, the trial court deemed one conviction involving a victim under the age of 14 as the principal term and sentenced defendant to the middle term of eight years, doubled to 16 years for the prior strike conviction. The trial court sentenced defendant on another kidnapping conviction involving the woman driver to the middle term of five years, doubled to a consecutive 10-year term, and on the third kidnapping conviction involving a victim under the age of 14 to the middle term of eight years, doubled to a consecutive 16-year term. In addition, the trial court sentenced defendant to one-third the middle term of 16 months for the vandalism; one-third the middle term of two years for the infliction of corporal injury; three years concurrent for another count of inflicting corporal injury; one-third the middle

---

[1] Undesignated statutory references are to the Penal Code.

3

term of 16 months for the criminal threat; and two years concurrent for the false imprisonment. The trial court dismissed the serious felony enhancement and imposed a consecutive two-year bail enhancement.

## DISCUSSION

### I

Defendant contends the trial court erred in imposing full-term consecutive sentences on two of the kidnapping convictions (counts 1 and 3) and failed to recognize its discretion to impose concurrent sentences on those convictions.

### A

His first point is that under section 1170.1, subdivision (a), the trial court was required to impose sentences of one-third the middle term for counts 1 and 3, both doubled for the strike conviction.

The relevant authority is not subdivision (a), which provides the general sentencing structure when someone is convicted of two or more felonies, but rather, subdivision (b), which applies specifically to multiple kidnapping convictions of different victims. It reads: "If a person is convicted of two or more violations of kidnapping, as defined in Section 207, involving separate victims, the subordinate term for each consecutive offense of kidnapping shall consist of the full middle term and shall include the full term imposed for specific enhancements applicable to those subordinate offenses." (§ 1170.1, subd. (b).)

Here, defendant was convicted of three violations of kidnapping involving three separate victims, to wit, Tristanna and her two sons. The sons were under the age of 14 at the time of the offense. Thus, under section 1170.1, subdivision (b), the trial court was required to sentence defendant on subordinate counts 1 and 3 to the full middle term plus the full term for any enhancements. The trial court correctly applied subdivision (b), imposing the middle term of five years on count 1 (involving the Tristanna) and the middle term of eight years on count 3 (involving one of the sons), both doubled for

4

defendant's strike conviction.  (See, e.g., *People v. Eddahbi* (1988) 199 Cal.App.3d 1135, 1141.)

B

Defendant next argues the language in the probation report misled the judge to believe she was required to impose consecutive sentences for the kidnapping convictions charged in counts 1 and 3.  He asks us to remand the matter so the trial court may exercise its informed discretion to consider whether concurrent sentences, rather than consecutive sentences, are appropriate.

At the beginning of the sentencing hearing, the trial judge stated she had read the sentencing briefs as well as the probation report.  Defendant's sentencing brief argued that counts 1 through 3 should run concurrently because they arose from a single period of aberrant behavior unlikely to reoccur.  The People's sentencing briefs did not address whether counts 1 and 3 should run concurrently or consecutively.

The probation report twice stated that section 667, subdivisions (c) and (e)(1) require consecutive sentencing.  It further stated that because counts 1 and 3 involved separate victims, consecutive sentencing was warranted.  The probation report concluded with the recommendation to impose one-third the middle term for counts 1 and 3, both consecutive to any other term imposed.

The trial judge sentenced defendant on counts 1 and 3 to the middle terms "to run full and consecutive to any other term imposed" without further elaboration.  Neither attorney raised the issue of consecutive versus concurrent sentencing for counts 1 and 3 at the hearing.

A court must impose consecutive sentences on current serious and violent felony convictions if they are "not committed on the same occasion, and not arising from the same set of operative facts."  (§§ 1170.12, subd. (a)(6), 667, subd. (c)(6).)  However, if two or more of the current serious and violent felonies occurred on the "same occasion" or with the "same set of operative facts," consecutive sentencing is not required, and it is

5

left to the trial court's sound discretion whether to sentence concurrently. (*People v. Hendrix* (1997) 16 Cal.4th 508, 513 [trial courts have discretion to impose concurrent sentences for serious and violent felonies not arising from the same occasion or with the same operative set of facts]; *People v. Torres* (2018) 23 Cal.App.5th 185, 197-202 [Proposition 36's amendment to section 1170.12, subd. (a)(7) did not impact the court's discretion as set forth in *Hendrix*].)  After the sentencing in this case, this court issued two opinions stating agreement with *Torres.*  (*People v. Gangl* (2019) 42 Cal.App.5th 58, 71 ["we agree with our colleagues in *Torres* that trial courts have the discretion to impose concurrent sentences on serious and violent felony convictions committed on the same occasion and arising from the same operative set of facts"]; *People v. Marcus* (2020) 45 Cal.App.5th 201, 211-214 [same]; but see *People v. Henderson* (2020) 54 Cal.App.5th 612, 621-627, review granted December 23, 2020, S265172 [Proposition 36 eliminated the trial court's discretion to impose concurrent sentences on multiple current serious or violent felony convictions].)

"Generally, when the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing.  [Citations.]  Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion."  (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.)  However, where the record is silent as to the court's exercise of its discretion, we must presume the trial court understood its discretion and sentenced defendant accordingly.  (*People v. Fuhrman* (1997) 16 Cal.4th 930, 944-946.)

Here, counts 1 and 3 arose from the kidnapping of Tristanna and her sons, which occurred at the same time and in the same place and involve the same operative set of

facts. Thus, the trial court had discretion to impose either concurrent or consecutive terms for counts 1 and 3.

Defendant asks us to infer that the judge was unaware of this sentencing discretion because the probation report said, among other things, that consecutive sentencing was required. But the probation report also said consecutive sentences were warranted and recommended. Moreover, defendant's sentencing brief argued the judge should order concurrent sentences on counts 1 and 3. The trial judge made no statement indicating lack of awareness of its sentencing discretion.

These circumstances distinguish this case from *People v. Woodworth* (2016) 245 Cal.App.4th 1473, relied upon by defendant. In *Woodworth*, the trial court asserted its erroneous understanding that it lacked discretion to impose a concurrent sentence. (*Id*. at pp. 1478, 1480.) But here, the record does not show the judge acted on the erroneous assumption she lacked discretion. Thus, we must presume the trial court understood its discretion and properly sentenced defendant.

## II

Defendant next argues the sentences for corporal injury (count 6) and false imprisonment (count 8) must be stayed pursuant to section 654 because the offenses occurred during the same course of conduct as the other corporal injury offense (count 5). Defendant notes that during sentencing, the judge said count 8 "occurred during a continuing course of conduct with regard to Count 5 and 6." Defendant agrees with the judge's statement, construing it as a factual finding under section 654, but argues that the judge then incorrectly issued concurrent sentences rather than staying the sentences for counts 6 and 8 as required by section 654.

The People counter that the judge correctly issued concurrent sentences, arguing substantial evidence supports the trial court's decision to punish appellant's convictions on counts 5, 6, and 8 as separate criminal acts.

Section 654, subdivision (a), provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." The statute does not prohibit multiple convictions for the same conduct, only multiple punishments. (*People v. Monarrez* (1998) 66 Cal.App.4th 710, 713.) "In such a case, the proper procedure is to stay execution of sentence on one of the offenses." (*Ibid.*)

"In any section 654 inquiry, the court must initially ascertain the defendant's objective and intent. [Citation.] ' "If he entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.' " [Citation.] 'Whether the defendant maintained multiple criminal objectives is determined from all the circumstances and is primarily a question of fact for the trial court, whose finding will be upheld on appeal if there is any substantial evidence to support it.' [Citation.]" (*People v. Tom* (2018) 22 Cal.App.5th 250, 260.) A trial court " 'is vested with broad latitude' " in making the factual determination whether section 654 applies. (*People v. Vang* (2010) 184 Cal.App.4th 912, 915-916.) We review the evidence in a light most favorable to the trial court's determination and presume in support of that determination the existence of every fact the trier of fact could reasonably have deduced from the evidence. (*People v. Cleveland* (2001) 87 Cal.App.4th 263, 271.)

At trial, the People argued defendant punched Nancy in the face at some point before she came down to the motel lobby. The People explained that the injury under her eye from defendant's blow is the basis for the corporal injury offense charged in count 5. They further argued that a second corporal injury offense, charged in count 6, arose when Nancy returned to the motel room and defendant assaulted her again, cutting her lip and bruising her arm. Finally, they argued that defendant falsely imprisoned Nancy (count 8)

8

when she stayed in the motel room out of fear that defendant would hurt her more severely in the isolation of the car.

During sentencing, the trial court discussed each count to explain the basis for its sentencing decisions. It said the offense charged in count 6 occurred during a continuing course of conduct, the offense charged in count 7 was separate and distinct from counts 5 and 6, and the offense charged in count 8 also occurred during the continuing course of conduct involving the offenses charged in counts 5 and 6. Although the trial court did not expressly mention section 654 during sentencing, it found that counts 5, 6, and 8 occurred during a continuing course of conduct. Nevertheless, the trial court imposed concurrent sentences on counts 6 and 8 and did not stay them.

On this record, there is evidence to support the trial court's findings that the corporal injuries and the false imprisonment may have occurred during a continuing course of conduct. But there is also evidence indicating there was at least one break between the offenses when Nancy went to the motel lobby, which would support the sentence imposed by the trial court. Under the circumstances, we will remand the matter to allow the trial court to clarify its sentencing choices, consider whether the sentences on counts 6 and 8 must be stayed, and resentence defendant as appropriate.

III

Defendant further argues the two counts for infliction of corporal injury (counts 5 and 6) should be consolidated into a single conviction. He claims section 273.5 contemplates a continuous course of conduct in which each individual act may not constitute a crime but the cumulative effect is criminal. Acknowledging that *People v. Johnson* (2007) 150 Cal.App.4th 1467 (*Johnson*) holds otherwise, defendant argues *Johnson* is wrongly decided.

The operative statute is section 954. It generally permits multiple charges and convictions, whereas section 654 prohibits multiple punishments. (§ 954; *People v. Reed* (2006) 38 Cal.4th 1224, 1226-1227.) " 'In California, a single act or course of conduct

9

by a defendant can lead to convictions "of any number of the offenses charged." [Citations.]' " (*Reed,* at pp. 1226-1227, italics omitted*.*) Whether defendant may be convicted for multiple violations of section 273.5 is a question of law.

In *Johnson*, the defendant was convicted of three counts of corporal injury on a cohabitant after he beat his girlfriend, choked her, and cut her arm during an altercation. The trial court imposed sentences for all three counts but stayed the term for two counts pursuant to section 654. (*Johnson, supra*, 150 Cal.App.4th at pp. 1473-1474.) On appeal, the defendant argued it was improper to convict him on multiple section 273.5 counts when they arose during a single continuous assault, even where the assault involved multiple blows. (*Johnson,* at p. 1474.) The court disagreed and held that multiple section 273.5 convictions were permissible under section 954, as "the proper analysis involves a determination of when the charged crime is complete." (*Johnson,* at p. 1474.) It reasoned: "[T]he crime described by section 273.5 is complete upon the willful and direct application of physical force upon the victim, resulting in a wound or injury. It follows that where multiple applications of physical force result in separate injuries, the perpetrator has completed multiple violations of section 273.5." (*Id.* at p. 1477.)

Defendant argues *Johnson* was wrongly decided because corporal injury is a "course of conduct crime" that is not based on a discrete act like penetration or unlawful entry into a residence, and thus multiple applications of force resulting in multiple injuries should be treated as a single violation. In support of his argument, defendant cites *People v. Thompson* (1984) 160 Cal.App.3d 220, in which the court held that spousal battery is a course of conduct crime for purposes of a jury unanimity instruction. (*Id.* at pp. 224-226.) But *Thompson* did not address whether a prosecutor may charge, and a defendant may be convicted of, multiple violations of spousal battery where each battery meets the elements of a separate violation of section 273.5. (*People v. Healy* (1993) 14 Cal.App.4th 1137, 1140 ["The prosecutor could properly charge and [the

10

defendant] could be properly convicted of multiple violations of section 273.5, *Thompson* notwithstanding"].)

Here, multiple convictions were permitted. Thus, we review the record in the light most favorable to the judgment to determine whether substantial evidence supports the separate convictions. (*Johnson, supra*, 150 Cal.App.4th at p. 1477.) Defendant hit Nancy in the face, causing the large contusion under her eye (count 5). Shortly thereafter, he assaulted Nancy, pushing her head against the wall and injuring her lip (count 6). The separate convictions for counts 5 and 6 are supported by substantial evidence and are proper under section 954.

### DISPOSITION

The matter is remanded to the trial court to allow it to clarify its sentencing choices, consider whether the sentences on counts 6 and 8 must be stayed, and resentence defendant as appropriate. If defendant is resentenced, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


                                            /S/
                                          MAURO, J.


I concur:


   /S/
ROBIE, Acting P. J.


11

KRAUSE, J., Concurring and Dissenting.

I concur in the majority opinion except for part IB of the Discussion.  To that part, I dissent for the reasons articulated in my dissenting opinion in *People v. Gangl* (2019) 42 Cal.App.5th 58, 72-80 (conc. & dis. opn. of Krause, J.), review denied February 19, 2020.

/S/
KRAUSE, J.

1